IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) | 4:19-CV-4770 |
| V. | ) ) | JURY DEMAND |
| BERKLEY NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff National American Insurance Company ("NAICO") and files its Original Complaint and states as follows:

## PARTIES

1. NAICO is a corporation duly organized and existing under the laws of the state of Oklahoma with its principal place of business located in Chandler, Oklahoma.

2. Defendant Berkley National Insurance Company ("Berkley") is a corporation duly organized and existing under the laws of the state of Illinois with its principal place of business located in Harris County, Texas and may be served with process though its registered agent CT Corporation, 350 North St. Paul St., Dallas, Texas 75201.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that NAICO and Berkley are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendant's principal place of business is in Harris County, Texas and the claim was handled by Defendant in Houston, Texas.

**FACTUAL BACKGROUND**

5.      On or about September 1, 2016, NAICO issued to United Electrical and Automation, LLC ("United") a Commercial Package Policy, policy no. MP15150005, with a policy period of September 1, 2016 to September 1, 2017 ("NAICO Policy"). The NAICO Policy contains commercial general liability coverage.

6.      On or about January 1, 2016, Berkley issued to Consolidated Resources, LLC an Energy Commercial General Liability Policy, policy no. EGL000744411, with a policy period of January 1, 2016 to January 1, 2017 ("Berkley Policy"). The Berkley policy contains a Named Insured Schedule which names United as a named insured under the Policy.

7.      Lakefront Trail Rockwall Hotel, L.P. filed suit against Albertelli Construction, Inc., David Albertelli, individually, Diversified Steel and Supply, LLC and Diversified Stone Exteriors, LLC in the lawsuit styled *Lakefront Trail Rockwall Hotel, L.P. v. Albertelli Construction, Inc., et. al.*; Cause No. 1-17-0359: In the 382nd Judicial District Court of Rockwall County, Texas ("Underlying Lawsuit"). On September 21, 2018, underlying plaintiff filed its Second Amended Petition in the Underlying Lawsuit and added United as a party, a copy of which is attached hereto as Exhibit A and incorporated herein by reference ("Amended

Petition"). On or around August 31, 2018, Albertelli, Inc. filed its Original Cross-Claim Against Co-Defendant United Electrical and Automation, LLC ("Cross-Claim"), a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

8.      United tendered the Amended Petition and Cross-Claim to NAICO to provide United with a defense and indemnification from the allegations contained in the Underlying Lawsuit.

9.      NAICO accepted United's tender and provided United with a defense pursuant to a reservation of rights. NAICO incurred substantial attorney fees and expenses in providing United with a defense in the Underlying Lawsuit.

10.     On or about October 15, 2018, the Amended Petition was tendered to Berkley to provide United with a defense and indemnification of the Underlying lawsuit. Berkley declined the tender and refused to provide United with a defense.

11.     On or about March 14, 2019, the Cross-Claim was tendered to Berkley to provide United with a defense and indemnification of the Underlying lawsuit. Berkley declined the tender and refused to provide United with a defense.

12.     Berkley has continued to refuse to provide United with a defense in the Underlying Lawsuit.

13.     On or about July 5, 2019, mediation was held in the Underlying Lawsuit. Berkley was invited to attend but refused to attend or participate in any way.

14.     NAICO was able to obtain a settlement of the claims against United and agreed to pay the Third-Party Plaintiff a sum certain in exchange for a full and final release of United.

15.     A dispute between the parties has arisen regarding whether Berkley has any duty to defend and/or indemnify United as a result of the allegations against it in the Underlying Lawsuit.

16.     An actual controversy exists between the parties because NAICO and United believe that Berkley has a duty to defend and/or indemnify United from the allegations in the Underlying Lawsuit whereas Berkley has refused to provide United with a defense and indemnity and has taken the position that there is no coverage under the Berkley Policy for the Underlying Lawsuit.

17.     As a result of the coverage dispute herein, NAICO has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

## CAUSES OF ACTION

## BREACH OF CONTRACT

18.     NAICO incorporates by reference, as if fully set forth herein, paragraphs 1 through 17, inclusive.

19.     NAICO is contractually and equitably subrogated to United's interest under the Berkley Policy.

20.     All conditions precedent to recovery have been met.

21.     The Amended Petition and Cross-Claim allege that, as a result of United's actions, property damage occurred within the Berkley policy period which was caused by an occurrence.  Accordingly, Berkley's duty to defend under the Berkley Policy was triggered.

22.     Berkley failed to provide United with a defense in the Underlying Lawsuit which constitutes a breach of the Berkley Policy.

23.     Berkley's breach of its duty to defend United under the Berkley Policy proximately caused damage in the amount of one-half of the attorney fees and expenses incurred by NAICO to defend United in the Underling Lawsuit.

24.     The actual facts trigger coverage under the Berkley Policy and therefore Berkley has a duty to indemnify United from any judgment or settlement in the Underlying Lawsuit.

25.     The settlement of behalf of United obtained by NAICO was reasonable and necessary to protect United's interests.

26.     Berkley's refusal to participate in the settlement on behalf of United constitutes a breach of its duty to indemnify United under the Berkley Policy.

27.     Berkley's breach of its duty to indemnify United under the Berkley Policy proximately caused damage in the amount of one-half of the settlement amount.

## VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT

28.     NAICO incorporates by reference, as if fully set forth herein, paragraphs 1 through 27, inclusive.

29.     On or around June 16, 2019, NAICO requested that Berkley pay one-half of the attorney fees and expenses incurred from October 2018 through May 2019 along with one-half of the settlement amount.

30.     On or around October 25, 2019, NAICO requested that Berkley pay one-half of the attorney fees and expenses incurred from June 2019 through the conclusion of the Underlying lawsuit along with one-half of the settlement amount.

31.     Berkley has failed and refused and continues to fail and refuse to pay for its one-half share of the attorney fees and expenses and one-half of the settlement amount.

32.     Berkley's failure to pay the claim for attorney fees and expenses and settlement amount in a timely manner constitutes a violation of the Texas Prompt Payment for Claims Act.

33.     Berkley's violation of the Texas Prompt Payment for Claims Act has caused damage in the amount of the claim, 18% interest per annum and attorney fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff National American Insurance Company respectfully prays that this Honorable Court declare that  Berkley National Insurance Company had a duty to defend and indemnify United Electrical and Automation, LLC  in the Underlying Lawsuit; that Berkley breached its policy of insurance by failing to defend and indemnify United in the Underlying Lawsuit; that Berkley be ordered to pay National American Insurance Company one-half the attorney fees and expenses incurred in defending United in the Underlying Lawsuit and one-half of the amount paid to settle on behalf of United; award 18% interest on the total amount; award National American Insurance Company its reasonable and necessary attorney fees incurred herein; award National American Insurance Company pre and post-judgment interest on the judgement and such other and further relief this Court may deem just and proper.

Respectfully submitted,


By:___/s/ Fred L. Shuchart_____
   FRED L. SHUCHART
   SBN 18316250
**COOPER & SCULLY, P.C**.
815 Walker St., Suite 1040
Houston Texas 77002
(713) 236-6800
(713) 236-6880 *fax*
**ATTORNEYS FOR PLAINTIFF**
**NATIONAL AMERICAN**
**INSURANCE COMPANY**